**Not for Publication**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **MICHAEL MARRARA and MICHAEL DOTRO,**<br><br>Plaintiffs,<br><br>v.<br><br>**PHILIP D. MURPHY,** *et al.***,**<br><br>Defendants. | **Civil Action No.: 22-2056 (ES) (ESK)**<br><br>**OPINION** |

**SALAS, DISTRICT JUDGE**

Plaintiffs Michael Marrara and Michael Dotro, inmates at East Jersey State Prison in Rahway, New Jersey, are proceeding *pro se* with a civil rights complaint pursuant to 42 U.S.C. § 1983 and state law. (D.E. No. 19, Amended Complaint ("Am. Compl.")). Before the Court are (i) Defendants' motion to dismiss (D.E. No. 20, Motion to Dismiss; D.E. No. 20-1 ("Mov. Br.")); (ii) Plaintiffs' motion for class certification (D.E. No. 15, Motion for Class Certification); and (iii) Plaintiffs' motion to appoint *pro bono* counsel (D.E. No. 21, Motion for Counsel). Having considered the parties' submissions, the Court decides this matter without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons below, the Court **GRANTS-in-part** Defendants' Motion to Dismiss, **DISMISSES** Plaintiffs' federal claims *with prejudice*, **REMANDS** Plaintiffs' state claims, and **DENIES** Plaintiffs' Motion for Class Certification and Motion for Counsel as moot.

## I. BACKGROUND

### A. Factual Background

In response to the COVID-19 pandemic, the State of New Jersey enacted the Public Health Emergency Credits Act ("PHECA"), N.J.S.A. § 30:4-123.100. PHECA grants up to 244 days of credit to inmates in state custody who are scheduled to be released within 365 days during a declared public health emergency arising from communicable or infectious disease and resulting in substantial modifications to department-wide correctional facility operations. *See id.* § 30:4-123.100(a)–(c). PHECA excludes inmates not scheduled for release within 365 days, *see id.* § 30:4-123.100(b)(2), and inmates serving a sentence for murder, aggravated sexual assault, and other enumerated offenses, *see id.* § 30:4-123.100(d).

Plaintiffs are two inmates who do not qualify under PHECA for credit because their remaining sentences exceed 365 days, and, further, because Plaintiff Dotro is serving a sentence for murder. (*See* Am. Compl. ¶¶ 16 & 19). As such, Plaintiffs initiated this action based on their ineligibility under PHECA, asserting equal protection, due process, double jeopardy, and ex post facto claims under 28 U.S.C. § 1983, the New Jersey Civil Rights Act ("NJCRA"), N.J.S.A. §§ 10:6-1 to 10:6-2, and the New Jersey Administrative Procedure Act ("NJAPA"), N.J.S.A. §§ 52:14B-1 to -31 against Defendants the State of New Jersey, New Jersey Governor Philip D. Murphy, former New Jersey Senate President Stephen Sweeney, New Jersey General Assembly Speaker Craig Coughlin, and other unnamed state officials for their alleged roles in enacting PHECA, which Plaintiffs claim wrongly denies them credit. (*See* Am. Compl. ¶¶ 84–154). Plaintiffs seek an award of credits and a court order directing state officials to amend PHECA to remove its exclusions. (*See id.* ¶¶ 154–55).

**B.    Procedural History**

Plaintiffs initiated this action on or around October 25, 2021, by filing a complaint in the Superior Court of New Jersey, Law Division, Middlesex County. (*See* D.E. No. 1-2, Complaint). On April 8, 2022, Defendants removed the matter to this Court. (*See* D.E. No. 1, Notice of Removal).

On April 29, 2022, Defendants filed a previous motion to dismiss the complaint. (*See* D.E. No. 4). Rather than file a response to the motion, on July 7, 2022, Plaintiffs submitted a motion for leave to file an amended complaint, attaching a copy of the Amended Complaint, along with a motion for class certification. (*See* Motion for Class Certification). The Court granted Plaintiffs' motion for leave to file an amended complaint and terminated Defendants' initial motion to dismiss *without prejudice*. (*See* D.E. No. 18, July 21, 2022 Text Order). The Court also deferred ruling on Plaintiffs' motion for class certification pending Defendants' response to the Amended Complaint. (*See id.*). On July 28, 2022, Plaintiff filed a motion to appoint counsel (*See* Motion for Counsel).

On August 4, 2022, Defendants filed the instant Motion to Dismiss in response to the Amended Complaint, which is fully briefed. (D.E. No. 28, Brief in Opposition; D.E. No. 33, Reply).

**II.    STANDARD OF REVIEW**

In deciding a motion to dismiss, a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, the plaintiff's "obligation to provide

the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 560 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This "plausibility standard" requires the complaint to allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (citing *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the defendant-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. DISCUSSION

#### A. Motion to Dismiss

*Federal Claims.* Defendants argue that the Court should dismiss Plaintiffs' Section 1983 claims because none of the Defendants are "persons" within the meaning of Section 1983. (Mov. Br. at 10–11). For the following reasons, the Court agrees.

Section 1983 imposes liability on "[e]very *person* who, under color of [State law] . . . subjects . . . any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights . . . secured by the Constitution and laws." 42 U.S.C. § 1983 (emphasis added). To be liable under Section 1983, therefore, a defendant must be a "person" within the meaning of the statute. *See id.* It is well-established that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Here, the Amended Complaint asserts claims against the State of New Jersey and state officials acting solely in their official capacity. (*See* Am. Compl. ¶¶ 8–13). As such, none of the Defendants are "persons" within the meaning of Section 1983. *See Will*, 491 U.S. at 71. Accordingly, the Court dismisses Plaintiffs' federal claims against Defendants *with prejudice*.[1]

*State Claims.* The potential basis for this Court's jurisdiction over Plaintiffs' state law claims is supplemental jurisdiction pursuant to 28 U.S.C. § 1367. "Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they

---

[1] The Court notes that even if Plaintiffs asserted Section 1983 claims against Defendants in their personal capacities, the claims would still fail for a multitude of reasons. Among them, Plaintiffs seek an award of credits as relief, but habeas corpus, not Section 1983, is the exclusive remedy for state prisoners seeking to shorten the terms of their confinement. *See Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005); *see also Preiser v. Rodriguez*, 411 U.S. 475, 487–90 (1973); *see, e.g.*, *McNeil v. Dep't of Corr.*, No. 22-5337, 2022 WL 16854312, at *2 (D.N.J. Nov. 10, 2022) (dismissing plaintiff's Section 1983 claims asserting that the New Jersey Department of Corrections refuses to grant him public health emergency credits because Section 1983 cannot be used by a prisoner to shorten his term of confinement).

are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 387 (1998).

Upon dismissal of a plaintiff's federal claims, a district court may decline to exercise supplemental jurisdiction over any remaining state law claims. 28 U.S.C. § 1367(c)(3); *see also Kramer v. Kubicka*, 222 F. App'x 184, 186 (3d Cir. 2007). And where courts dismiss federal claims at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

Having dismissed Plaintiffs' claims for which it has original jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims under the NJCRA and the NJAPA. Accordingly, pursuant to 28 U.S.C. § 1367(c)(3), the Court *sua sponte* remands those claims to the Superior Court of New Jersey, Law Division, Middlesex County.[2]

### B.  Plaintiffs' Motions for Class Certification and Counsel

Finally, having dismissed-in-part the Amended Complaint and remanded Plaintiff's state law claims, the Court **DENIES** Plaintiffs' Motion for Class Certification and Motion for Counsel as moot. The denial is *without prejudice* to Plaintiffs' ability to so move in state court.

## IV.   CONCLUSION

For the reasons stated above, the Court **GRANTS-in-part** Defendants' Motion to Dismiss as to Plaintiffs' federal claims, **DISMISSES** Plaintiffs' federal claims *with prejudice*, **REMANDS** Plaintiffs' state claims, and **DENIES** Plaintiffs' Motion for Class Certification and Motion for Counsel *without prejudice*.

---

[2] Because the foregoing provides a sufficient basis to dispense with Plaintiffs' federal claims, and because the Court declines to extend supplemental jurisdiction over Plaintiffs' state claims, the Court does not reach Defendants' remaining arguments. (*See* Mov. Br. at 11–33).

An appropriate Order follows.

Dated: February 3, 2023                                              */s/ Esther Salas*
                                                                     **Esther Salas, U.S.D.J.**